**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0101-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

RICHARD A. MUNOZ,

      Defendant-Appellant.

_____

Submitted March 6, 2019 – Decided August 23, 2019

Before Judges Fuentes and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-02-0230.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

On March 13, 2013, defendant Richard A. Munoz was tried before a jury over four non-sequential days on the charges of murder, N.J.S.A. 2C:11-3(a)(1) or (2), felony murder, N.J.S.A. 2C:11-3(a)(3), first degree robbery, N.J.S.A. 2C:15-1, third degree possession of a weapon (knife) for an unlawful purpose, N.J.S.A. 2C:39-4(d), and fourth degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d). On March 23, 2013, the jury found defendant guilty of second degree robbery as a lesser included offense of first degree armed robbery, and acquitted him of all of the remaining charges.

On May 10, 2013, the court sentenced defendant to a term of eight years, subject to an eighty-five percent period of parole ineligibility and three years of parole supervision, as mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2. On direct appeal, we affirmed defendant's conviction and sentence, State v. Munoz, No. A-5733-12 (App. Div. November 18, 2015), and the Supreme Court denied his petition for certification. State v. Munoz, 224 N.J. 247 (2016). We incorporate by reference the facts we described in our opinion affirming defendant's conviction. Munoz, slip op. at 2-5.

On July 11, 2016, defendant filed a pro se post-conviction relief (PCR) petition in which he argues the sentence imposed by the court was excessive and that he did not receive a fair trial. The court assigned counsel to assist defendant

2

A-0101-17T4

prosecute the petition. PCR counsel thereafter filed an amended petition arguing defendant received ineffective assistance by both trial and appellate counsel.

The matter came for oral argument before Judge Martha T. Mainor on April 27, 2017. PCR counsel argued appellate counsel should have raised on direct appeal that defendant was denied a fair trial based on the trial judge's bias, as evidenced by the judge's comments and interactions with defense counsel in the presence of the jury. Judge Mainor found defendant presented sufficient grounds to warrant an evidentiary hearing pursuant to Rule 3:22-10(b). See State v. Preciose, 129 N.J. 451, 462-63 (1992). The court conducted the evidentiary hearing on June 22, 2017. The State called defendant's appellate counsel as a witness. Defendant did not call any witnesses nor testify on his own behalf. Judge Mainor found no grounds to find ineffective assistance of counsel and denied defendant's PCR petition in an oral opinion delivered from the bench.

Defendant now appeals from the order of the Criminal Part raising the following arguments.

POINT I

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST THE JUDGE RECUSE HIMSELF FOR NUMEROUS CONTEMPT THREATS AND THREAT UPON DEFENSE

3

COUNSEL'S LICENSE TO PRACTICE, ALL WHICH TAINTED THE JURY AND PREVENTED COUNSEL FROM EXERCISING DEFENDANT'S CONSTITUTIONAL RIGHT TO CONFRONT THE WITNESS AGAINST HIM.

POINT II

APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT RAISING DEFENDANT'S CLAIM THAT TRIAL COUNSEL'S FAILURE TO OBJECT TO THE NUMEROUS COURT RULINGS AND INTERJECTIONS THROUGHOUT THE TRIAL PRODUCED A CUMULATIVE EFFECT OF BIAS WARRANTNG A MISTRIAL.

We reject these arguments and affirm. This court reviews a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, defendant must demonstrate that defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Judge Mainor conducted an evidentiary hearing where she considered the testimony of defendant's appellate counsel and found no legal basis to question her professional judgment in this case. The record developed at this hearing

4

supports Judge Mainor's decision to deny defendant's PCR petition. We thus affirm substantially for the reasons expressed by Judge Mainor in her oral decision delivered on June 22, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0101-17T4